UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Trustees of the Minnesota Ceramic Tile and Allied Trades Retirement Fund; et al.,

Plaintiffs,

v.

MEMORANDUM OPINION AND ORDER
Civil No. 01-978(MJD/JGL)

His & Hers Ceramic Tile, a Minnesota corporation; and Jill Swanson,

Defendants.

---

Andrew E. Staab and Stephen Kelly, Rosene, Haugrud & Staab, Chartered, for and on behalf of Plaintiffs.

Dennis Patrick Moriarty for and on behalf of Defendant Jill Swanson.

---

FACTUAL BACKGROUND

Defendant Jill Swanson is an officer of His & Her's Ceramic Tile, Inc. On May 1, 1998, she executed an Independent Agreement with the Bricklayers & Allied Craftsworkers Local No. 1 of Minnesota. Swanson Aff., Ex. A. Pursuant to the Independent Agreement, the corporation agreed to make certain contributions to certain funds. See Independent Agreement, Article VI, Sections 3-10. If such contributions are not made, or are remitted late, the Employer "shall be subject to the payment of liquidated damages in the amount of ten percent (10%) of the amount otherwise due for such work month." Id., Section 11. The Independent Agreement further provides that:

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> This agreement is binding personally and individually upon each of the following: The Union, The Undersigned Employer, and each of the Individuals, Partners, Officers, or Stockholders of the Employer of the Undersigned. Signators each certify that such signators have authority to enter into this agreement and to bind the persons and parties described in this paragraph.

Independent Agreement, p. 13. The Agreement was executed by Defendant Swanson for His & Her Ceramic Tile Inc. Id.

Plaintiff Funds brought this action against His & Her Ceramic Tile, Inc. and Jill Swanson, to recover unpaid fringe benefit contributions due through December 31, 2000 in the sum of $18,580.54. Before the Court is Defendant Swanson's motion for summary judgment.

Standard for Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). To determine whether genuine issues of material fact exist, the court determines materiality from the substantive law governing the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material. Id. A material fact dispute is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

Analysis

Plaintiff Funds brought this action pursuant to 29 U.S.C. § 1132(f) ("ERISA"). The Eighth Circuit has held that generally, corporate officers are not personally liable under

ERISA, where there is no basis for piercing the corporate veil. Rockney v. Blohorn, 877 F.2d 637, 643 (1989). The Eighth Circuit also holds that such officers may be personally liable, if the officer contractually agrees to be so liable. Id. To determine whether such contractual liability has been imposed, this Court must look to state law. Id.

Pursuant to Minnesota law, a corporate officer is generally not liable for the corporation's debts. Haas v. Harris, 347 N.W.2d 838, 840 (Minn. Ct. App. 1984)(relying on agency principles). However, a corporate officer may personally guarantee the obligations of a corporation. Universal Lending Corporation v. Wirth Companies, Inc., 392 N.W.2d 322, 325 (Minn. Ct. App. 1986). Extrinsic evidence may be admissible to show whether the parties understood the contract to bind the officer personally. See Hubbs v. Leach, 355 N.W.2d 470, 473 (Minn. Ct. App. 1985).

Although the Independent Agreement provides that it is binding "personally and individually" upon officers of the corporation, Defendant Swanson argues that she never intended to assume personal liability for the contributions owed to the Plaintiff Funds arising under the Agreement. In support, Defendant Swanson notes that her name is not included in the provision which addresses personal liability. Further, she states in an affidavit that the issue of personal liability was never negotiated prior to the execution of the Independent Agreement. She further argues that when signing the contract, her signature appears under the name of the corporation, after the word "By". This indicates that she only signed on behalf of the corporation. Finally, she argues that she only signed the contract once, rather than twice, as required by some courts to show that the officer signed on behalf of the corporation and to assume personal liability. See Salzman Sign Co. v. Beck, 10 N.Y.2d 63, 176 N.E.2d 74, 217 N.Y.S.2d 55 (1961).

The Plaintiff Funds respond that summary judgment is not appropriate in favor of Defendant Swanson. First, the Plaintiff Funds argue that the Independent Agreement clearly imposes personally liability upon Defendant Swanson. Alternatively, the Plaintiff Funds assert that this motion was brought prior to the taking of any discovery. Therefore, the motion is premature, because whether or not Defendant Swanson intended to be personally bound is a question of fact.

The Court finds that the Independent Agreement does not include language that evinces a clear intent that Defendant Swanson fully understood and intended to assume personal liability for obligations arising under the Independent Agreement. Therefore, whether she intended to assume personal liability is a question of fact. Because the Plaintiff Funds did not have the opportunity to conduct discovery prior to responding to this motion, the Court must deny the motion as premature.

Accordingly, Defendant Swanson's Motion for summary judgment is DENIED WITHOUT PREJUDICE.

Date: 4-1-02

Michael J. Davis
Michael J. Davis
United States District Court